IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY V. COLEMAN,

      Plaintiff,                      Case No. 1:06-cv-01583 ALA (P)

    vs.

SCOTT KERNAN, et al.,

      Defendants.                ORDER

_____/

      Plaintiff Rodney Coleman is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On June 16, 2008, this Court granted Defendants' Motion for Summary Judgment because Petitioner failed to show that they were deliberately indifferent to a substantial risk of serious harm toward him. (Doc. 52). Pending before this Court is Plaintiff Coleman's Motion for Reconsideration, which was filed on August 18, 2008. (Doc. 58). For the reasons stated below, Plaintiff Coleman's motion is denied.

      A district court may reconsider its ruling pursuant to Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. *Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir. 1993). Plaintiff filed a Motion for Reconsideration without reference to which federal rule he relies upon. Petitioner filed the instant motion more than ten days after judgment was entered. Accordingly, this Court construes Plaintiff's Motion for Reconsideration to be a 60(b) motion pursuant to the Federal Rules of Civil Procedure. *See American Ironworks*

1  *& Erectors, Inc. V. North*, 248 F.3d 892, 898-99 (9th Cir. 2001) (finding that a Motion for
2  Reconsideration, filed ten days after the entry of judgment, shall be treated as a Rule 60(b)
3  motion).

4     "[A] moving party under Rule 60(b) is entitled to relief from judgment for the following
5  reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
6  evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment
7  is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason
8  justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

9     In support of Plaintiff's Motion for Reconsideration, he argues that it "would be a
10 miscarriage of justice," to not allow his action to go forward. Plaintiff contends that the "facts
11 speak[] for themself" and that "he has a good chance of proving to the jury, that the CDC&R,
12 should be held accountable for [his] assault." (Doc. 58).

13    Plaintiff Coleman failed to proffer any evidence, or even an argument, that falls within
14 the aforementioned factors prescribed by Rule 60(b) that warrant a reconsideration of this
15 Court's judgment.

16    Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration be
17 denied.

18 DATED: August 26, 2008

                                    /s/ Arthur L. Alarcón
                                    UNITED STATES CIRCUIT JUDGE
                                    Sitting by Designation